1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DOUGLAS DWAYNE GIRLEY,

11          Petitioner,              No. 2:12-cv-1938 KJN P

12      vs.

13   GARY SWARTHOUT,                 ORDER AND

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17          Petitioner is a state prisoner, proceeding without counsel.  Petitioner filed an

18   application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  At the time of

19   filing, petitioner was housed at California State Prison-Solano ("CSP-SOL").  Pending before the

20   court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations.

21   For the reasons set forth below, respondent's motion should be granted.

22   II.  Legal Standards

23          On April 24, 1996, the Antiterrorism and Effective Death Penalty Act

24   ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

25          A 1-year period of limitation shall apply to an application for a writ
            of habeas corpus by a person in custody pursuant to the judgment
26          of a State court.  The limitation period shall run from the latest of –

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

III.  Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On June 25, 2009, in the San Joaquin County Superior Court, petitioner was convicted of premeditated attempted murder, inflicting corporal injury on a spouse, and assault by force likely to produce great bodily injury.  (Respondent's Lodged Document ("LD") 1.)  A number of sentencing enhancements were found true.  On July 20, 2009, petitioner was sentenced to state prison on the attempted murder conviction for a determinate term of ten years, followed by an indeterminate term of fourteen years to life.  (LD 1; 3 at 2.)  The court stayed punishment on the two remaining charges under California Penal Code § 654.  (LD 3 at 2.)

2.  Petitioner filed an appeal.  On February 16, 2011, the California Court of Appeal, Third Appellate District, affirmed petitioner's conviction, but modified the judgment to correct sentencing errors.  (LD 2.)

1      3.  Petitioner filed a petition for review in the California Supreme Court, which

2  was denied without comment on April 20, 2011.  (LD 4.)

3      4.  Petitioner filed no post-conviction challenges in state court.

4      5.  On July 24, 2012, the instant action was filed.[1]  (Dkt. No. 1.)

5  IV.  Statutory Tolling

6      The California Supreme Court denied the petition for review on April 20, 2011.

7  Petitioner's conviction became final ninety days later, on July 19, 2011, when the time for

8  seeking certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157

9  (9th Cir. 1999).  The AEDPA statute of limitations period began to run the following day, on

10 July 20, 2011.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling,

11 petitioner's last day to file his federal petition was on July 20, 2012.

12     As noted above, petitioner filed no post-conviction challenges in state court.

13 Thus, petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

14     Petitioner did not file his federal petition until July 24, 2012, which was four days

15 after the statute of limitations period expired.  Thus, absent equitable tolling, the instant petition

16 is time-barred.

17 V.  The Mailbox Rule

18     Respondent filed the motion to dismiss on October 19, 2012.  Petitioner did not

19 file a timely opposition, and on November 26, 2012, the court ordered petitioner to show cause

20 why his failure to oppose the motion should not be deemed a waiver of any opposition to the

21 granting of the motion.  (Dkt. No. 14.)  On January 8, 2013, petitioner was granted a thirty day

22 extension of time to respond to the order to show cause and to file an opposition.  (Dkt. No. 16.)

23 _____

24     [1]  A pro se prisoner filing is dated from the date the prisoner delivers it to prison
   authorities.  Houston v. Lack, 487 U.S. 266, 275-76 (1988) (known as the "mailbox rule").  Here,
   as explained more fully below, petitioner is not given benefit of the mailbox rule because the
25 petition and the two certificates of service referencing service of the petition are dated "July
   2012," without including a specific date.  (Dkt. No. 1 at 11, 12, 15.)  Thus, the court cannot
26 determine what day in July petitioner handed the petition to prison authorities for mailing.

1   On February 14, 2013, petitioner was granted another thirty days in which to comply with the

2   court's November 26, 2012 order.  (Dkt. No. 18.)  Thirty days have now passed, and petitioner

3   has not filed a response to the order to show cause, or filed an opposition to the motion to

4   dismiss.  The court first addresses the issue of mailbox rule application, and then turns to

5   petitioner's application to proceed in forma pauperis, which was signed on July 12, 2012, and

6   accompanied the filing of the original petition herein.

7                    1.  Application of the Mailbox Rule

8           The mailbox rule applies to the filing of a federal petition for a writ of habeas

9   corpus under the AEDPA.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se

10  prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison

11  authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214

12  (2002).  Timely filing may be shown by a notarized statement or by a declaration by the prisoner

13  setting forth the date of deposit and stating that first-class postage has been prepaid.  Rule 3(d),

14  28 U.S.C. foll. § 2254; Koch v. Ricketts, 68 F.3d 1191, 1193 & n.3 (9th Cir. 1995).[2]  Then, the

15  burden shifts to the opposing party to produce evidence in support of a contrary factual finding.

16  See id. at 1194 (where prison does not produce direct evidence of date of filing, otherwise

17  uncontroverted evidence of plaintiff's declaration and court file stamp date unrefuted); see also

18  Caldwell v. Amend, 30 F.3d 1199, 1203 (9th Cir. 1994) (government must present sufficient

19  evidence to rebut prisoner's sworn declaration that he placed envelope in depository set aside for

20  legal mail in timely manner).

21

22          [2]  The mailbox rule does not require petitioner to provide evidence of the date he gave his
petition to prison authorities through a mail log or certified mail.  Koch, 68 F.3d at 1193 & n.3

23  (mail log); Caldwell v. Amend, 30 F.3d 1199, 1203 (9th Cir. 1994) (certified mail).  Here,
however, respondent contacted the mailroom at CSP-SOL to obtain a mail log to confirm the

24  date of mailing, but mailroom personnel stated that the legal mail logs reflected no outgoing legal
mail by petitioner in July of 2012.  (Dkt. No. 12 at 3 n.3.)  Although the federal petition was

25  obviously mailed to the court in July of 2012, because it was received on July 24, 2012, "the
mailroom staff explained that the discrepancy was likely the result of petitioner not marking the

26  federal petition as 'legal mail.'"  (Id.)

1    Here, the petition and the certificates of service provided by petitioner fail to

2    provide the date he presented the federal petition to prison authorities for mailing.  Respondent

3    moved to dismiss based on the untimely filing, and petitioner failed to oppose respondent's

4    motion, despite being granted multiple opportunities in which to do so.  Thus, the court does not

5    have benefit of a sworn declaration, or even petitioner's allegations concerning the date he

6    handed the federal petition to prison authorities for mailing.  While the petition was clearly

7    mailed to the court prior to July 24, 2012, petitioner provided no declaration or notarized

8    statement attesting to the actual date he presented the filing to prison authorities for mailing.

9    Thus, in light of petitioner's failure to meet his burden to demonstrate he is entitled to benefit of

10   the mailbox rule, the court finds that the federal petition was filed on July 24, 2012.  Because the

11   statute of limitations period expired on July 20, 2012, the instant petition is time-barred.

12   In one case where the petitioner failed to sign the habeas petition, the district court

13   granted the petitioner three days for mailing.  Smith v. Sinclair, 2010 WL 1980343 (W.D. Wash.

14   May 4, 2010) (Undated federal habeas petition received December 9, 2009, given benefit of

15   mailbox rule, finding the petition was filed on December 6, 2009.)  Here, even if the undersigned

16   granted petitioner three days for mailing, his filing would be one day late.

17   2.  Petitioner's Application to Proceed In Forma Pauperis

18   Finally, the in forma pauperis affidavit submitted with the instant petition was

19   signed by petitioner on July 12, 2012. (Dkt. No. 1 at 14.)  Respondent argues that the court

20   cannot rely on this date under the mailbox rule for two reasons.  (Dkt. No. 12 at 4.)

21   First, "by parity of reasoning" with other cases finding that filings other than a

22   federal petition cannot be construed as the federal petition for purposes of analyzing the statute of

23   limitations, the in forma pauperis form should not be constructively construed as a challenge to

24   petitioner's conviction.  (Id.)  Respondent relies on Braggs v. Walker, 2011 WL 2709847, *2 n.1

25   (N.D. Cal. July 2011) (although the filing of a letter and request for an extension of time

26   commenced the federal action, the filing did not constitute a "pending" habeas petition, and thus

5

the limitations period was not tolled); <u>Woodford v. Garceau</u>, 538 U.S. 202, 210 (2003) (request

for counsel in a capital case is not equivalent to habeas petition for purposes of determining

whether AEDPA applies, and "a case does not become 'pending' until an actual application for

habeas relief is filed in federal court."); <u>Rivera v. Quarterman</u>, 505 F.3d 349, 353 n.5 (5th Cir.

2007) (motion for authorization to file a successive petition is not an application for writ of

habeas corpus and thus the filing of such a motion does not satisfy AEDPA's statute of

limitations); <u>Fierro v. Cockrell</u>, 294 F.3d 674, 680 (5th Cir. 2002) (same).

Second, respondent contends that the date petitioner signed the application to

proceed in forma pauperis only establishes the date petitioner started the obligation of certifying

the amount in his trust account, not when he actually mailed his federal petition.  (Dkt. No. 12 at

5.)  Respondent argues that Rule 3(d) of the Rules Governing Section 2254 Cases requires a

prisoner to use the institutional system in place for mailings in order to benefit from the mailbox

rule.  Respondent contends that petitioner must submit a "Request for Certification" to the

litigation office for forwarding to the prison's trust office, and then the trust office returns the

form to the litigation office which delivers the documents to the prisoner for mailing.  (<u>Id.</u> at 4-5)

The trust office and the litigation office may not accept documents from prisoners for the purpose

of mailing.  <u>Morales v. McEwan</u>, 2012 WL 632405, *4-5 (C.D. Cal. Jan. 19, 2012).

As noted above, petitioner has not filed an opposition.

The court is persuaded by respondent's argument that the court cannot use the

date petitioner signed the application to proceed in forma pauperis to apply the mailbox rule.

First, the application to proceed in forma pauperis is not the federal petition, and was not

accompanied by a certificate of service.  The certificates of service provided with the federal

petition referenced only the habeas petition, not the request to proceed in forma pauperis.

Second, given that the federal petition and the certificates of service are marked "July 2012," yet

the application is dated July 11, 2012, it is not clear that the documents were executed on the

same day.  Petitioner failed to rebut respondent's argument that applications to proceed in forma

pauperis are processed differently than federal petitions.  In this court's experience, the petition and the application to proceed in forma pauperis often bear different dates of signature.

Moreover, it appears petitioner may not have used the system designated for legal mail to mail his petition to the court, as required by Rule 3(d) of the Rules Governing Section 2254 Cases.  See n.2 *supra*.  Finally, petitioner failed to address any of these issues, which could easily have been clarified by the filing of a declaration attesting to the date on which petitioner handed the federal petition to prison officials for mailing.

For all of these reasons, the court finds it inappropriate to use the signed date on the application to proceed in forma pauperis to establish the constructive filing date of the instant petition under the mailbox rule.

3. Conclusion

Accordingly, the court finds that petitioner failed to demonstrate he is entitled to benefit from the mailbox rule in determining the date the instant petition was filed.

VI.  Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A litigant seeking equitable tolling must establish:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  Pace, 544 U.S. at 418. The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's

1  burden to demonstrate he is entitled to equitable tolling.  Espinoza-Matthews v. People of the

2  State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

3          Here, the petition provides no basis for equitable tolling.  (Dkt. No. 1.)  Moreover,

4  petitioner did not file an opposition.  Thus, petitioner failed to demonstrate that he is entitled to

5  equitable tolling.  Accordingly, the undersigned finds that petitioner has not met his burden of

6  demonstrating the existence of grounds for equitable tolling.  See Pace, 544 U.S. at 418

7  (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza–Matthews v.

8  California, 432 F.3d 1021, 1026 (9th Cir. 2005).

9  VII.  Conclusion

10         IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a

11  district judge to this case; and

12         IT IS RECOMMENDED that:

13         1.  Respondent's October 19, 2012 motion to dismiss (dkt. no. 12) be granted; and

14         2.  This action be dismissed.

15         These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

17  days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

20  objections, he shall also address whether a certificate of appealability should issue and, if so, why

21  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

22  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

23  § 2253(c)(3).  Any reply to the objections shall be served and filed within fourteen days after

24  service of the objections.  The parties are advised that failure to file objections within the

25  ////

26  ////

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>,

2  951 F.2d 1153 (9th Cir. 1991).

3  DATED:  March 25, 2013

4

5

6  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

7  girl1938.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26