IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS DWAYNE GIRLEY,

    Petitioner,                      No. 2:12-cv-1938 KJN P

    vs.

GARY SWARTHOUT,                ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner, proceeding without counsel. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time of filing, petitioner was housed at California State Prison-Solano ("CSP-SOL"). Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. <u>Legal Standards</u>

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

1

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On June 25, 2009, in the San Joaquin County Superior Court, petitioner was convicted of premeditated attempted murder, inflicting corporal injury on a spouse, and assault by force likely to produce great bodily injury. (Respondent's Lodged Document ("LD") 1.) A number of sentencing enhancements were found true. On July 20, 2009, petitioner was sentenced to state prison on the attempted murder conviction for a determinate term of ten years, followed by an indeterminate term of fourteen years to life. (LD 1; 3 at 2.) The court stayed punishment on the two remaining charges under California Penal Code § 654. (LD 3 at 2.)

2. Petitioner filed an appeal. On February 16, 2011, the California Court of Appeal, Third Appellate District, affirmed petitioner's conviction, but modified the judgment to correct sentencing errors. (LD 2.)

      3. Petitioner filed a petition for review in the California Supreme Court, which was denied without comment on April 20, 2011. (LD 4.)

      4. Petitioner filed no post-conviction challenges in state court.

      5. On July 24, 2012, the instant action was filed.[1] (Dkt. No. 1.)

IV.  <u>Statutory Tolling</u>

      The California Supreme Court denied the petition for review on April 20, 2011. Petitioner's conviction became final ninety days later, on July 19, 2011, when the time for seeking certiorari with the United States Supreme Court expired. <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on July 20, 2011. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on July 20, 2012.

      As noted above, petitioner filed no post-conviction challenges in state court. Thus, petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

      Petitioner did not file his federal petition until July 24, 2012, which was four days after the statute of limitations period expired. Thus, absent equitable tolling, the instant petition is time-barred.

V.  <u>The Mailbox Rule</u>

      Respondent filed the motion to dismiss on October 19, 2012. Petitioner did not file a timely opposition, and on November 26, 2012, the court ordered petitioner to show cause why his failure to oppose the motion should not be deemed a waiver of any opposition to the granting of the motion. (Dkt. No. 14.) On January 8, 2013, petitioner was granted a thirty day extension of time to respond to the order to show cause and to file an opposition. (Dkt. No. 16.)

---

[1] A pro se prisoner filing is dated from the date the prisoner delivers it to prison authorities. <u>Houston v. Lack</u>, 487 U.S. 266, 275-76 (1988) (known as the "mailbox rule"). Here, as explained more fully below, petitioner is not given benefit of the mailbox rule because the petition and the two certificates of service referencing service of the petition are dated "July 2012," without including a specific date. (Dkt. No. 1 at 11, 12, 15.) Thus, the court cannot determine what day in July petitioner handed the petition to prison authorities for mailing.

On February 14, 2013, petitioner was granted another thirty days in which to comply with the court's November 26, 2012 order. (Dkt. No. 18.) Thirty days have now passed, and petitioner has not filed a response to the order to show cause, or filed an opposition to the motion to dismiss. The court first addresses the issue of mailbox rule application, and then turns to petitioner's application to proceed in forma pauperis, which was signed on July 12, 2012, and accompanied the filing of the original petition herein.

1. Application of the Mailbox Rule

The mailbox rule applies to the filing of a federal petition for a writ of habeas corpus under the AEDPA. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). Timely filing may be shown by a notarized statement or by a declaration by the prisoner setting forth the date of deposit and stating that first-class postage has been prepaid. Rule 3(d), 28 U.S.C. foll. § 2254; Koch v. Ricketts, 68 F.3d 1191, 1193 & n.3 (9th Cir. 1995).[2] Then, the burden shifts to the opposing party to produce evidence in support of a contrary factual finding. See id. at 1194 (where prison does not produce direct evidence of date of filing, otherwise uncontroverted evidence of plaintiff's declaration and court file stamp date unrefuted); see also Caldwell v. Amend, 30 F.3d 1199, 1203 (9th Cir. 1994) (government must present sufficient evidence to rebut prisoner's sworn declaration that he placed envelope in depository set aside for legal mail in timely manner).

---

[2] The mailbox rule does not require petitioner to provide evidence of the date he gave his petition to prison authorities through a mail log or certified mail. Koch, 68 F.3d at 1193 & n.3 (mail log); Caldwell v. Amend, 30 F.3d 1199, 1203 (9th Cir. 1994) (certified mail). Here, however, respondent contacted the mailroom at CSP-SOL to obtain a mail log to confirm the date of mailing, but mailroom personnel stated that the legal mail logs reflected no outgoing legal mail by petitioner in July of 2012. (Dkt. No. 12 at 3 n.3.) Although the federal petition was obviously mailed to the court in July of 2012, because it was received on July 24, 2012, "the mailroom staff explained that the discrepancy was likely the result of petitioner not marking the federal petition as 'legal mail.'" (Id.)

4

Here, the petition and the certificates of service provided by petitioner fail to provide the date he presented the federal petition to prison authorities for mailing.  Respondent moved to dismiss based on the untimely filing, and petitioner failed to oppose respondent's motion, despite being granted multiple opportunities in which to do so.  Thus, the court does not have benefit of a sworn declaration, or even petitioner's allegations concerning the date he handed the federal petition to prison authorities for mailing.  While the petition was clearly mailed to the court prior to July 24, 2012, petitioner provided no declaration or notarized statement attesting to the actual date he presented the filing to prison authorities for mailing.  Thus, in light of petitioner's failure to meet his burden to demonstrate he is entitled to benefit of the mailbox rule, the court finds that the federal petition was filed on July 24, 2012.  Because the statute of limitations period expired on July 20, 2012, the instant petition is time-barred.

In one case where the petitioner failed to sign the habeas petition, the district court granted the petitioner three days for mailing.  Smith v. Sinclair, 2010 WL 1980343 (W.D. Wash. May 4, 2010) (Undated federal habeas petition received December 9, 2009, given benefit of mailbox rule, finding the petition was filed on December 6, 2009.)  Here, even if the undersigned granted petitioner three days for mailing, his filing would be one day late.

2. Petitioner's Application to Proceed In Forma Pauperis

Finally, the in forma pauperis affidavit submitted with the instant petition was signed by petitioner on July 12, 2012. (Dkt. No. 1 at 14.)  Respondent argues that the court cannot rely on this date under the mailbox rule for two reasons. (Dkt. No. 12 at 4.)

First, "by parity of reasoning" with other cases finding that filings other than a federal petition cannot be construed as the federal petition for purposes of analyzing the statute of limitations, the in forma pauperis form should not be constructively construed as a challenge to petitioner's conviction.  (Id.)  Respondent relies on Braggs v. Walker, 2011 WL 2709847, *2 n.1 (N.D. Cal. July 2011) (although the filing of a letter and request for an extension of time commenced the federal action, the filing did not constitute a "pending" habeas petition, and thus

5

1  the limitations period was not tolled); Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request
2  for counsel in a capital case is not equivalent to habeas petition for purposes of determining
3  whether AEDPA applies, and "a case does not become 'pending' until an actual application for
4  habeas relief is filed in federal court."); Rivera v. Quarterman, 505 F.3d 349, 353 n.5 (5th Cir.
5  2007) (motion for authorization to file a successive petition is not an application for writ of
6  habeas corpus and thus the filing of such a motion does not satisfy AEDPA's statute of
7  limitations); Fierro v. Cockrell, 294 F.3d 674, 680 (5th Cir. 2002) (same).

8  Second, respondent contends that the date petitioner signed the application to
9  proceed in forma pauperis only establishes the date petitioner started the obligation of certifying
10  the amount in his trust account, not when he actually mailed his federal petition.  (Dkt. No. 12 at
11  5.)  Respondent argues that Rule 3(d) of the Rules Governing Section 2254 Cases requires a
12  prisoner to use the institutional system in place for mailings in order to benefit from the mailbox
13  rule.  Respondent contends that petitioner must submit a "Request for Certification" to the
14  litigation office for forwarding to the prison's trust office, and then the trust office returns the
15  form to the litigation office which delivers the documents to the prisoner for mailing.  (Id. at 4-5)
16  The trust office and the litigation office may not accept documents from prisoners for the purpose
17  of mailing.  Morales v. McEwan, 2012 WL 632405, *4-5 (C.D. Cal. Jan. 19, 2012).

18  As noted above, petitioner has not filed an opposition.

19  The court is persuaded by respondent's argument that the court cannot use the
20  date petitioner signed the application to proceed in forma pauperis to apply the mailbox rule.
21  First, the application to proceed in forma pauperis is not the federal petition, and was not
22  accompanied by a certificate of service.  The certificates of service provided with the federal
23  petition referenced only the habeas petition, not the request to proceed in forma pauperis.
24  Second, given that the federal petition and the certificates of service are marked "July 2012," yet
25  the application is dated July 11, 2012, it is not clear that the documents were executed on the
26  same day.  Petitioner failed to rebut respondent's argument that applications to proceed in forma

pauperis are processed differently than federal petitions. In this court's experience, the petition and the application to proceed in forma pauperis often bear different dates of signature.

Moreover, it appears petitioner may not have used the system designated for legal mail to mail his petition to the court, as required by Rule 3(d) of the Rules Governing Section 2254 Cases. See n.2 *supra*. Finally, petitioner failed to address any of these issues, which could easily have been clarified by the filing of a declaration attesting to the date on which petitioner handed the federal petition to prison officials for mailing.

For all of these reasons, the court finds it inappropriate to use the signed date on the application to proceed in forma pauperis to establish the constructive filing date of the instant petition under the mailbox rule.

### 3. Conclusion

Accordingly, the court finds that petitioner failed to demonstrate he is entitled to benefit from the mailbox rule in determining the date the instant petition was filed.

## VI. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418. The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's

burden to demonstrate he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, the petition provides no basis for equitable tolling. (Dkt. No. 1.) Moreover, petitioner did not file an opposition. Thus, petitioner failed to demonstrate that he is entitled to equitable tolling. Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling. See Pace, 544 U.S. at 418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza–Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

VII. Conclusion

IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Respondent's October 19, 2012 motion to dismiss (dkt. no. 12) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 25, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

girl1938.mtd