UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DWAYNE GIRLEY,<br><br>        Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>        Respondent. | No. 2:12-cv-1938 KJM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner proceeding without counsel. On August 30, 2013, petitioner filed a motion to amend the petition to add unexhausted claims, and to stay the decision on his petition for writ of habeas corpus pending exhaustion of his new claims in state court. Respondent opposes the motion on the grounds that the new claims are untimely, and fail to relate back to any of petitioner's original claims. As discussed below, the court recommends that petitioner's motions for stay and to amend be denied.

II. Background

On June 25, 2009, petitioner was convicted of attempted murder, inflicting corporal injury on a spouse, and assault by force likely to produce great bodily injury. On July 20, 2009, petitioner was sentenced to an indeterminate sentence of twenty-four years to life.

////

1

Petitioner filed a timely appeal, and on February 15, 2011, the California Court of Appeal modified the judgment by adding a five year enhancement and thirty-two days of presentence conduct credits and ordered the abstract of judgment be amended accordingly. (Respondent's Lodged Documents ("LD") 2.) Petitioner filed a petition for review in the California Supreme Court, which was denied on April 20, 2011. (LD 3-4.)

Petitioner did not file any collateral challenges in state court as to the claims raised in the original petition. (ECF No. 12 at 2.)

Under the mailbox rule, petitioner's federal petition is deemed filed on July 11, 2012. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

The original petition raises two claims for relief: (1) the trial court should have conducted a second competency hearing; and (2) the trial court violated petitioner's constitutional rights when the court removed him from the courtroom due to petitioner's disorderly conduct. (ECF No. 1 at 6-7.)

On August 9, 2013, respondent filed an answer to the petition. (ECF No. 28.)

On or about August 18, 2013, petitioner filed a state habeas petition in the San Joaquin County Superior Court. (ECF No. 31 at 6.)

On August 30, 2013, petitioner filed a request to stay the petition. Petitioner seeks to return to state court to exhaust new and unexhausted claims, the precise nature of which are unclear. Petitioner does not describe his claims in his motion, but appends what appears to be a copy of his state habeas petition filed in the San Joaquin County Superior Court. (ECF No. 31 at 6-12.)

On September 12, 2013, respondent filed an opposition, arguing that the new claims are untimely, and fail to relate back to any of petitioner's original claims. Respondent construes petitioner's claims as ineffective assistance of trial counsel at the preliminary hearing, and a claim that there was insufficient evidence presented at the preliminary hearing. (ECF No. 31 at 6-12.) Petitioner did not file a reply or object to this construction.

////

III. Motion for Stay

A district court may properly stay a habeas petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), abrogated on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), or Rhines v. Weber, 544 U.S. 269 (1995). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay. Under Kelly, a district court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the original petition, provided, of course, the new claim is not time-barred (because a stay pursuant to Kelly does not toll the federal limitations period with respect to the unexhausted claim). King, 564 F.3d at 1135, 1140-41. A district court may also deny a request for a stay under Kelly if the new claim cannot be added to the existing habeas petition after it is exhausted in state court due to the time-bar. King, 564 F.3d at 1141. An amendment of a habeas petition relates back to the original filing date for statute of limitations purposes only if it shares a "common core of operative facts" with the original claim. Mayle v. Felix, 545 U.S. 644, 664 (2005). Thus, the Kelly procedure is "not only a more cumbersome procedure for petitioners, but also a riskier one." Kelly, 564 F.3d at 1140.

Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277-78. The Kelly procedure, which has remained available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140.

3

Here, the petition is not a mixed petition, and therefore <u>Rhines</u> does not apply unless the court grants petitioner leave to amend to add his unexhausted claims. Moreover, as set forth more fully below, because petitioner's proposed new claims are barred by the statute of limitations, and do not relate back to any of petitioner's original claims, petitioner's motion for stay should be denied.

IV. <u>Statute of Limitations</u>

Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The California Supreme Court denied the petition for review on April 20, 2011. (LD 5.) Petitioner's conviction became final ninety days later, on July 19, 2011, when the time for seeking certiorari with the United States Supreme Court expired. <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on July 20, 2011. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's

last day to file his federal petition was on July 20, 2012. The instant petition was constructively filed on July 11, 2012, within the statute of limitations period. Thus, the two claims raised in the original petition were timely filed.

However, as to petitioner's unexhausted claims, the new claims would not be timely, whether filed now or after petitioner returned to state court to exhaust remedies as to the new claims. Petitioner filed no collateral challenges in state court to toll the statute of limitations period. Thus, the limitations period expired on July 20, 2012. The filing of a federal habeas petition does not stop the statute of limitations period from running. See Duncan v. Walker, 533 U.S. 167, 182 (2001) (AEDPA statute of limitations is not tolled "during the pendency of [a] . . . federal habeas petition.") Moreover, the filing of a state court petition after the limitations period has expired does not revive the limitations period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001.)

Petitioner fails to allege facts demonstrating he is entitled to a later accrual date for the filing period. Under section 2244(d) (1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner's proposed claims are based on events that took place during the preliminary examination held prior to trial. Here, petitioner fails to explain why he did not include these claims in the original federal petition. Thus, petitioner failed to demonstrate he is entitled to a deferred starting date based on 28 U.S.C. § 2244(d)(1)(D).

Also, petitioner did not address the issue of equitable tolling. The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, the limitations period expired on July 20, 2012, and petitioner fails to explain how he pursued his rights or what, if any, circumstances stood in his way. Petitioner alleges no facts supporting a finding that the statute of limitation period should be equitably tolled.

5

For all of the above reasons, petitioner's proposed new claims would be untimely unless the claims related back to one of the claims timely filed in the original petition.

V. Relation Back

The undersigned considers whether the proposed new claims would be timely because the filing would relate back to the filing of one of the original claims.

A new claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. Mayle, 545 U.S. at 644. This rule has been construed by the Supreme Court in habeas cases to require more than "relation back" generally to petitioner's "trial conviction or sentence," but rather "the existence of a common 'core of operative facts' uniting the original and newly asserted claims;" that is, that "the claims added by amendment [must] arise from the same core facts as the timely filed claims, and not . . . upon events separate in 'both time and type' from the originally raised episodes." Id., 545 U.S. at 657, 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5. In Mayle, the Supreme Court noted two cases where relation back was permitted:

> For example, in Mandacina v. United States, 328 F.3d 995, 1000-1001 (C.A.8 2003), the original petition alleged violations of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in Woodward v. Williams, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted. See also 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15-82 (3d ed.2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

Mayle, 545 U.S. at 664 n.7.

////

Here, petitioner's proposed new claims challenge defense counsel's actions and the evidence submitted at petitioner's preliminary hearing.  However, these new claims are unrelated, both in time and type, to any of the claims alleged in the petition.  The claims raised in the petition, as set forth above, allege trial court errors in addressing petitioner's competency at trial, and in removing petitioner for his unruly behavior during trial.  These exhausted claims occurred during the trial, and before the case went to the jury.  The new, unexhausted claims raise issues that occurred at the preliminary hearing, prior to trial.  Thus, the proposed claims differ in both time and type from the claims set forth in the original petition.  Even if the court liberally construed petitioner's new allegations as claiming there was insufficient evidence at trial (ECF No. 31 at 7-8), or that the sentence imposed violated the Eighth Amendment because it was disproportionate to the crime and constitutes cruel and unusual punishment (ECF No. 31 at 10), such claims do not arise from the same core facts as the claims contained in the original petition.

Because the proposed new claims are unrelated to the common core of operative facts on which the two timely claims are based, the proposed new claims do not relate back and are barred by the statute of limitations.

VI.  Conclusion

Accordingly, IT IS RECOMMENDED that petitioner's motion for stay and to amend (ECF No. 31) be denied, and petitioner be granted thirty days in which to file a reply to respondent's answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

////

////

////

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated:  October 11, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/girl1938.stay